**KIRKLAND v. MISSION PIPE & SUPPLY CO., Inc.**

No. 9450.

Court of Civil Appeals of Texas.

Sept. 27, 1944.

Rehearing Denied Oct. 25, 1944.

Goldsmith & Bagby, Raymond Furr, and Arthur P. Bagby, all of Austin, for appellant.

Coleman Gay, of Austin, for appellee.

BLAIR, Justice.

Appellee, Mission Pipe & Supply Company, Inc., sued appellant, R. D. Kirkland, for damages for conversion of 1,209 feet of oil well pipe, which was delivered to him at San Antonio under agreement to pay 15 cents per foot for 15 days' use of it in testing his oil well in Milam County, and 1 cent per foot per day for 15 additional days, if necessary, with an option to purchase the pipe at 70 cents per foot, any rental paid to apply on the purchase price. Appellant's employes placed the pipe in the well where all except 250 feet became fastened and where it was left when his lease expired. No rental was paid, none of the pipe was returned, and appellant refused on demand to pay for it. His defense was that appellee represented the pipe to be of excellent quality, scarcely distinguishable from new, but that it was not so, and that its rusted and deteriorated condition caused it to pull apart, leaving a large part of it in the well, and that there was a total or a partial failure of consideration. The jury found that appellee made no such representations, and that the reasonable value of the pipe at or about the time it was delivered to appellant at San Antonio was 70 cents per foot. Judgment was accordingly rendered for appellee, which judgment we affirm.

The undisputed facts established the conversion of the pipe by appellant. He admitted that he rented it from appellee with an option to purchase it at 70 cents per foot; that he did not pay any rental and did not pay for or return any of the pipe. His lease expired and he left a part of the pipe fastened in the well and did not return the part he removed from the well. The bailment contract required appellant to return the pipe to appellee at San Antonio at the end of the bailment period. The bailment period under any state of the facts had ended when appellee demanded payment for the pipe. The failure to return bailment property at the end of the bailment period constitutes in law a conversion of the bailment, entitling the bailor to recover its value. 5 Tex.Jur. 1029, §§ 18 and 29.

The jury found in answer to special issue No. 5 that the reasonable value of the pipe at or about the time it was delivered to appellant at San Antonio was 70 cents per foot. This was necessarily a finding against appellant on the issue of failure of consideration for the pipe. Appellant contends that the issue should not have been submitted: (1) because not raised by pleading or evidence; and (2) because the measure of damages for the conversion of the pipe was its value at the time and place of the conversion.

Under the pleading appellee's suit was one to recover the value of the pipe bailed to appellant with an option to purchase it at 70 cents per foot, which bailment property appellant never returned, and never paid either the rental or the purchase price as provided for by the contract. The pleading was sufficient to require the court to apply any proper measure of damages.

Under the particular facts of the instant case the court correctly held the measure of damage to be the reasonable value of the bailment property at the time it was delivered to appellant at San Antonio. Appellant agreed to return the property there if he did not purchase it. A large part of the pipe was lost in the well by the employes of appellant through no fault of appellee. The part that was taken from the well was not returned but kept by appellant, and nothing was ever paid for the pipe or its use. Appellee was entitled under these facts to recover such damages as would most nearly compensate for the loss of its pipe. 13 Tex.Jur. 73, § 7. Its value at the time and place of the bailment and delivery to bailee affords the bailor just compensation for its pipe lost and kept by bailee, and affords bailee the benefit of the use he had of the pipe in making the test of his well. The value of the property at the time and place of the conversion would not

afford appellee just compensation for the loss of its pipe, because it would allow bailee for wear and tear of the pipe and would give appellant the free use of the pipe in making the test on his well, he having paid no rental for its use. The representative of appellee testified that the pipe could have been sold at 70 cents or more per foot at any time from the date it was delivered to appellant at San Antonio down to the date of the trial. The agreed price of the pipe was 70 cents per foot if appellant kept it. This evidence fully supports the jury's finding.

A bailor may also recover the value of the bailment as fixed by the bailment contract if it is not returned. 8 C.J.S. Bailments, § 55, p. 365. The agreed value or purchase price of the pipe was 70 cents per foot. We think appellee was under the undisputed facts detailed entitled to recover this agreed value of the pipe. In any event this agreed value is evidence supporting the jury's finding that its reasonable value was 70 cents per foot at the time it was delivered to appellant at San Antonio.

The court did not err in refusing to submit the several requested special issues, because they were either immaterial or not raised by the evidence.

The issue as to whether appellant knew the quality of the pipe when he leased it was not raised by the evidence. Appellant's partner, an experienced oil man, inspected the pipe as it was being loaded, threw out some joints which he regarded as being defective, made a tally sheet listing each joint of the pipe, and signed his name thereto as having "inspected and accepted" the pipe. The issue inquiring as to the terms of the rental contract was immaterial, because appellee elected to recover for the conversion of the pipe rather than for the rental due under the contract. The issue as to whether the pipe performed its function badly was immaterial. The jury found that appellee did not misrepresent the pipe and the question of whether it performed its function badly would not excuse the failure to return it at the end of the bailment period. 5 Tex. Jur. 1035, § 25. Issues 18, 19 and 20, relating to the quantity of the pipe delivered, were not raised by the evidence. As stated appellant's partner selected and measured each joint of the pipe as it was being loaded, and made a tally sheet list of each joint, which was introduced in evidence and showed 62 joints, aggregating 1,209 feet of pipe. The tally sheet was signed by the partner as having "inspected and accepted" the pipe. He was sworn as a witness but did not testify on the trial. Appellant never saw the pipe before it was placed in the well. Neither of the employes who placed it in the well testified on the trial. The testimony of appellant relating to the quantity of the pipe was purely hearsay.

Appellant contends that the court erred in admitting in evidence certain invoices of dealings between appellee and himself. These were objected to as being self-serving declarations, and as being an effort to change the oral contract between the parties, and because no proper predicate had been laid for their introduction, and that they were calculated to confuse the minds of the jury. Appellant admits that the invoices were not material to any issue determined by the jury. So, if improperly admitted, no reversible error arises therefrom. Appellant's conversion of the pipe was established as a matter of law. His defense of misrepresentation as to quality of the pipe was determined against him by the jury. As to other items of supplies covered by the invoices appellant alleged that they were to be furnished free of charge along with the pipe. The jury determined this issue against appellant. In consequence the admission of the invoices could not have confused the minds of the jury on any issue submitted or determined by the jury.

In its charge the court instructed the jury, among other matters, that it is "Your duty to answer these questions from the evidence you have heard and from that alone." Appellant objected to and here contends that the instruction in effect ordered the jury to disregard all their common knowledge and experience in answering the issues submitted. We do not so interpret the instruction. We think the instruction merely told the jury not to consider remarks made by persons not on the witness stand, or not to consider any information that they might have heard about the case other than that adduced on the witness stand.

The jury found in answer to a special issue that appellee knew the purpose for which the pipe was to be used. Appellant contends that upon this finding and the undisputed evidence that the pipe failed to serve the purpose, appellee was not entitled to recover.

Just why this issue was submitted is not clear. The mere fact that appellee knew the purpose for which the pipe was rented or contracted for is not determinative of any ultimate issue in the case. The fact was not shown that the pipe performed its function badly as a matter of law. If it had been so shown, this would not have excused appellant from returning the pipe at the end of the bailment period as he had contracted to do. If the condition of the pipe had any bearing on appellant's failure to return the pipe, and if the testimony raised the issue, the issue would have been for the jury. No such issue was requested or submitted to the jury.

The judgment of the trial court is affirmed.

Affirmed.